UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
U.S. BANK NATIONAL ASSOCIATION,                :
                                                :
                Plaintiff,                 :
                                                :   **MEMORANDUM &**
   -against-                               :   **ORDER**
                                                :
SHELBY VANESSA EPPS,                            :   3:25-CV-00046 (SFR)
                                                :
                Defendant.                 :
                                                :
LINDA BOOKER,                                   :
                                                :
                Movant.                    :
------------------------------------------------------------------ x

**Sarah F. Russell**, United States District Judge:

After an Order of Execution of Ejectment was issued in Connecticut Superior Court, Linda Booker, proceeding *pro se*, removed proceedings to this Court and requested a stay of the Superior Court's order. Because the Court concludes it lacks subject-matter jurisdiction, the case is REMANDED to Superior Court.

**I.     BACKGROUND**

    **A.**     *State Court Actions*

Linda Booker has been in foreclosure proceedings since 2017 over her West Haven residence. *See Wilmington Trust, NA v. Booker*, NNH-CV17-6069965-S (Conn. Super. Ct.), Docket 100.30. The Connecticut Superior Court issued an Order of Execution of Ejectment against Ms. Booker in January 2024. *Id.*, Docket 202.10. In March 2024, Plaintiff U.S. Bank National initiated a separate foreclosure action in Superior Court against several other members of Ms. Booker's family concerning the same West Haven residence they share with Ms. Booker. *U.S. Bank Nat'l Ass'n v. Epps*, NHH-CV-24-6022163-S (Conn. Super. Ct.),

Docket 100.31. The Superior Court issued an Order of Execution of Ejectment in *Epps* in December 2024. *Id.*, Docket 113.10.

On January 7, 2025, Ms. Booker filed an application for injunction in the Superior Court in *Epps*, seeking to prevent enforcement of the Execution of Ejectment and asserting that Plaintiff U.S. Bank National failed to name Ms. Booker to the suit in violation of Connecticut law. *Epps*, NHH-CV-24-6022163-S, Docket 116. The Superior Court denied Ms. Booker's request, finding that "the relative rights of the plaintiff and Ms. Booker have long been adjudicated," such that "the use of the Execution is proper and not contrary to justice." *Id.*, Docket 116.10 at 2.

### B. *Federal Court Action*

On January 10, 2025, Ms. Booker removed proceedings in *Epps* from Connecticut Superior Court to this Court and moved for an emergency injunction to stay the Order of Execution of Ejectment and prevent the eviction slated for January 13, 2025. ECF No. 2; *Epps*, NHH-CV-24-6022163-S, Docket 116 at 1. Ms. Booker argues that the Superior Court violated her due process rights with its issuance of the Order of Execution of Ejectment in the *Epps* suit. *Id.* at 1. On the afternoon of January 10, 2025, this Court convened a telephonic conference and heard arguments from the parties. ECF No. 9. At the conference, U.S. Bank National asserted that removal was improper and the Court lacks jurisdiction to grant the requested relief. *Id.*

## II. DISCUSSION

"The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (cleaned up). Federal courts "have an independent obligation to

2

determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* When a case has been removed from state court to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### A. *Removal*

Ms. Booker removed to this Court pursuant to 28 U.S.C. § 1441, seeking to halt her eviction on due process grounds. ECF No. 1. A state-court action may be removed to federal court only if the district court has original jurisdiction. Here, Ms. Booker cannot remove on the basis of federal-question jurisdiction. The Supreme Court has "long held that the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Plaintiff U.S. Bank National's complaint alleges only state-law grounds for eviction, so federal-question jurisdiction does not exist. Nor is diversity a basis for removal. As U.S. Bank National argued at the telephonic conference, Ms. Booker, a Connecticut citizen, cannot invoke diversity of citizenship to remove to a federal court in her home state. ECF No. 9; 28 U.S.C. § 1441(b)(2).[1] Therefore, there are no grounds for removal of this action and the Court must remand for lack of subject-matter jurisdiction.

### B. *Rooker-Feldman*

The Court considered whether Ms. Booker's case should be construed as a newly-filed civil action asserting a due process violation rather than as a removal of a state-court action.

---

[1] It appears removal is also improper because Ms. Booker is not a named defendant in the state-court action that she has attempted to remove.

*Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest.") (internal quotation marks omitted). But even were the Court to construe this case as a newly-filed civil action, this Court would lack subject-matter jurisdiction to stay enforcement of the Connecticut Superior Court's order under the *Rooker-Feldman* doctrine.

"Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). That is because, "within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). *See also Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

The *Rooker-Feldman* doctrine commands that a federal district court lacks subject-matter jurisdiction where four requirements are met: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock*, 422 F.3d at 85. All four requirements are met here.

First, Ms. Booker lost in state court when the Superior Court determined the Execution of Ejectment could proceed despite Ms. Booker's assertions that she was not named or served in the *Epps* foreclosure action. *Epps*, NHH-CV-24-6022163-S, Docket 113.10. Second, Ms. Booker says that her injury was caused by the Superior Court's judgment. ECF No. 1 at 1. Third, Ms. Booker asks this Court to effectively overrule the Superior Court's judgment by

4

staying the ejectment. *Id.* Fourth, the state-court judgment was rendered before Ms. Booker sought relief from this Court. *Id. See Robinson v. HSBC Mortg. Servs., Inc.*, No. 15-CV-5480, 2017 WL 570935, at *3 (S.D.N.Y. Feb. 10, 2017). Thus, subject matter jurisdiction would be lacking under the *Rooker-Feldman* doctrine even if the case were construed as a newly-filed civil action.

### III.    CONCLUSION

For the reasons stated above, the Court lacks subject-matter jurisdiction to decide this dispute. The case is remanded to Connecticut Superior Court. Accordingly, the Clerk of Court shall REMAND this action to the State of Connecticut Judicial Branch, New Haven Housing Session, case number NHH-CV24-6022163-S, and the Clerk of Court shall do so forthwith without waiting for the 10-day period of time provided under D. Conn. L. Civ. R. 83.7.

**SO ORDERED.**

Bridgeport, Connecticut
January 12, 2024

/s/Sarah F. Russell
SARAH F. RUSSELL
United States District Judge